IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIGHTON TRUSTEES, LLC et al., *Plaintiffs,*  v.  THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, *Defendant.* | CIVIL ACTION NO. 23-2251 |

Pappert, J.                                                                                           August 14, 2024

## MEMORANDUM

The Plaintiffs moved to compel Lincoln National Life Insurance Company to produce two sets of documents: (1) certain materials relating to Lincoln's illustration testing (a process where Lincoln, *inter alia*, models its insurance policies' benefits) and (2) certain actuarial memoranda that Lincoln submitted to its regulators.

After extensive briefing and oral argument, Special Master Soroko issued a thorough opinion and order that granted Plaintiffs' motion to compel production of Lincoln's illustration testing documents ("illustration discovery") but denied the motion to compel production of the actuarial memoranda. Lincoln now objects to the portion of the opinion and order requiring production of the illustration discovery. For the reasons that follow, the Court adopts the Special Master's opinion and overrules Lincoln's objection.

1

I

The illustration discovery has four categories of documents:[1] (1) Lincoln's annual certifications of illustration-regulation compliance, sent to state regulators; (2) files containing the results of Lincoln's annual illustration testing; (3) modeling files used by Lincoln to perform its illustration testing; and (4) documents related to Lincoln's determination that it was not required to perform such illustration testing for 2014 and 2015.

Plaintiffs sought discovery of these documents under the theory that there is a connection between Lincoln's increases to its cost of insurance (COI) rates—which are at issue in the case—and the illustration discovery. Specifically, Plaintiffs contend that the illustration discovery is relevant because it will demonstrate that Lincoln was inconsistent in its claims about expectations of the future (which is a part of both illustration testing and COI rate-setting) and will also discredit Lincoln's defense that its COI rates changed because its expectations of the future worsened. *See* (June 25, 2024 Opinion and Order, p. 3, ECF No. 94); (Pl. Resp. in Opp. to Lincoln's Objection, p. 7, ECF No. 98).

II

The Court reviews a special master's findings of fact and conclusions of law *de novo*. *See* Fed. R. Civ. P. 53(f)(3), (4). Pursuant to Federal Rule of Civil Procedure

---

[1] The Parties submitted letters to the Court, *see* (ECF Nos. 100 and 101), detailing what they view as the implications of the Special Master's opinion and order. Lincoln notes that Plaintiffs "are insisting upon a Rule 30(b)(6) deposition of Lincoln" that would cover topics including the illustration testing. (Lincoln July 25, 2024 Letter, ECF No. 100). But, as Lincoln acknowledges, the Special Master's opinion and order were confined to Plaintiffs' request for illustration-testing documents. *See* (ECF Nos. 94, 100). The Court will only review the discovery issues considered in the Special Master's opinion and order.

2

53(f)(5), however, courts review objections to a special master's ruling on a procedural matter only for abuse of discretion unless the order appointing the special master establishes a different standard. *See* Fed. R. Civ. P. 53(f)(5). Nothing in the appointment order in this case changes the applicable standard of review. *See* (ECF No. 65).

Rule 53 does not specify the scope of review required where there are no objections to a special master's findings. Courts reviewing special master reports have determined, with citation to authority involving review of a magistrate judge's report, that those portions of a special master's report to which no objections have been made are reviewed for clear error. *See, e.g.*, *CA, Inc. v. New Relic, Inc.*, No. CV 12-5468, 2015 U.S. Dist. LEXIS 194427, 2015 WL 13753674, at *6 (E.D.N.Y. Sept. 28, 2015).

Some courts consider a special master's discovery recommendations as procedural matters and review them for abuse of discretion. *See Ramos v. Banner Health*, 2018 WL 4700707, at *2 (D. Colo. Aug. 8, 2018) (citing *Nippon Steel & Sumitomo Metal Corp. v. Posco*, 2014 WL 1266219, at *1 (D.N.J. Mar. 26, 2014) (reviewing a special master recommendation on discovery matters under an "abuse of discretion" standard)); *In re Hardieplank Fiber Cement Siding Litig.*, 2014 WL 5654318, at *1 (D. Minn. Jan. 28, 2014) ("A decision regarding the scope of discovery is a procedural matter, reviewed for abuse of discretion.")). Other courts conduct *de novo* review. *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, 301 F.R.D. 449 (N.D. Cal. 2014) (reviewing *de novo* a special master's recommendation on a motion for a protective order); *Wellin v. Wellin*, 2015 WL 5781383, at *1 (D.S.C. Sept. 30, 2015)

(appearing to apply a *de novo* standard to a special master's report and recommendation to non-dispositive discovery motions)).

Given the nature of the discovery dispute here—namely that the illustration discovery's relevance is intertwined with questions of law and not merely procedural—the Court concludes that *de novo* review is appropriate. *See Callwave Commc'ns LLC v. AT&T Mobility LLC*, No. 12-1701, 2016 U.S. Dist. LEXIS 78278, 2016 WL 3450736, at *1 (D. Del. June 16, 2016) (reasoning that a party's failure to timely comply with a discovery schedule would be a procedural matter, while resolution of attorney-client privilege issues in discovery would be non-procedural)).

III

Under Rule 26(b), "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). The "party seeking discovery has the burden of showing the information sought is relevant to the subject matter of the action, while the party resisting discovery has the burden of clearly explaining its objections and providing the support thereto." *Frey v. Frontier Utils. Northeast LLC*, No. 19-2372, 2020 U.S. Dist. LEXIS 260620, at *3 (E.D. Pa. Apr. 13, 2020) (quoting *Supermedia LLC v. Morley*, Nos. 13-176, 12-2329, 2013 U.S. Dist. LEXIS 205508, 2013 WL 12249489 at *2 (E.D. Pa. Sept. 5, 2013)).

Once the initial burden is met, the party opposing the discovery must "establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under [Rule] 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the

4

ordinary presumption in favor of broad disclosure." *Stephens v. State Farm Fire & Cas. Co.*, No. 1:14-CV-160, 2015 WL 1638516, at *3, 2015 U.S. Dist. LEXIS 48024, at *7 (M.D. Pa. Apr. 13, 2015) (internal quotations omitted). "Although the scope of discovery under the Federal Rules is unquestionably broad, this right is not unlimited and may be circumscribed." *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999); *see also* Fed. R. Civ. P. 26(b)(2)(C).

IV

A

Lincoln contends that the Special Master erred by (1) not considering the parties' expert submissions in his opinion and order to compel production and, (2) finding that the illustration discovery met the relevance requirement—at least partially a consequence of not properly considering the expert submissions. (Lincoln Objection, p. 8, ECF No. 95.)

Specifically, Lincoln asserts that its expert Timothy Pfeifer's submissions show the illustration-testing assumptions and COI-rate-setting assumptions are not "sufficiently similar to permit meaningful, credible comparison" and therefore the illustration discovery is not relevant. (*Id.* at p. 4.); *see also* (Pfeifer Decl. ¶¶ 4–27, ECF No. 96–3). Furthermore, Lincoln takes issue with the submission of Plaintiffs' expert, Larry Stern. Lincoln contends that Stern lacks experience as an illustration actuary, and characterizes Stern's submission as not disputing the differences between illustration-testing assumptions and COI-rate-setting assumptions. (Lincoln Objection, pp. 7–8.) At bottom, Lincoln argues that Plaintiffs failed to meet their "threshold burden" to show the relevance of the illustration discovery, and therefore a future

"battle of the experts" between Pfeifer and Stern would be inappropriate. (*Id.* at p. 5 n. 8.)

B

i

The Special Master properly considered the expert submissions. In his opinion and order, the Special Master summarized Lincoln's argument—which relied on Pfeifer's submissions—that the illustration assumptions are retrospective while the COI assumptions are prospective. *See* (June 25, 2024 Opinion and Order, pp. 5–6). The Special Master did not, however, consider Lincoln's argument (incorporating Pfeifer's submissions) with an eye toward whether Plaintiffs' expert may testify about the illustration discovery at trial. As explained *infra*, the Special Master properly cabined his analysis to whether Plaintiffs met the threshold showing of relevance. *See* (June 25, 2024 Opinion and Order, p. 10).

ii

The Special Master was also correct in finding the illustration discovery to be relevant.[2] Stern asserts that, *inter alia*, actuaries should base their assumptions for illustration testing and COI rate-setting on the same experiences. (Stern Decl. ¶ 10, ECF No. 98-18.) Stern also responds to—and disagrees with—Pfeifer's assertion that illustration-testing assumptions are entirely backward-looking and COI-rate-setting

---

[2] Discovery must also be proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1); *Bayer*, 173 F. 3d at 191 (3d Cir. 1999). The Special Master noted that based on the parties' arguments, proportionality was not a "salient consideration," *see* (June 25, 2024 Opinion and Order, p. 8), and Lincoln did not object to the Special Master's opinion and order on proportionality grounds. Notwithstanding finding no error in the Special Master's reasoning, the Court also independently finds that the illustration discovery—which involves a limited set of documents—is proportional to the needs of the case.

6

assumptions are entirely forward-looking and therefore noncomparable. (*Id.* at ¶¶ 10, 12.)

Lincoln cites to numerous cases in which courts denied discovery on relevance grounds. (Lincoln Objection, pp. 5-6.) In each cited case, the plaintiffs sought information about products different from those at issue in the underlying litigation, and each court found the products were not substantially similar. (*Id.*) (citing *Reising v. Toro Co.*, No. 17-cv-00431, 2018 WL 5489568 at *14 (S.D. Ohio Oct. 29, 2018); *Dreger v. KLS Martin, LP*, No. 20-cv-3814, 2023 WL 532012, 2023 U.S. Dist. LEXIS 14898, at *14 (S.D. Ohio Jan. 27, 2023); *Uitts v. Gen. Motors Corp.*, 62 F.R.D. 560, 562 (E.D. Pa. 1974)). But those cases are unavailing. Here, the illustration discovery involves documents relating to the very life-insurance products at issue in the case.

Insofar as Lincoln is asking the Court to more closely evaluate or weigh Pfeifer's submissions against Stern's submissions, such a request puts the cart before the horse. Whether, as Pfeifer contends, comparing the illustration-testing assumptions and the COI-rate-setting assumptions is improper—and would thus make the illustration-testing documents (or expert testimony based on it) inadmissible at trial—is not an issue for discovery. *See* Fed. R. Civ. P. 26(b)(1) ("[i]information within this scope of discovery need not be admissible in evidence to be discoverable.") And as the Special Master noted, it is neither appropriate nor feasible to determine the illustration discovery's relevance based on whether expert opinion incorporating such discovery would lack reliability or fit. *See* (June 25, 2024 Opinion and Order, p. 10). Indeed, such determinations are best made in the context of *Daubert* motions, not discovery disputes.

*See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999); Fed. R. Evid. 702.

V

The Court also adopts the portion of the Special Master's opinion denying Plaintiffs' motion to compel production of the actuarial memoranda post-dating 2017. The parties did not file any objections to that portion of the opinion and order, and the Court discerns no clear error in the Special Master's reasoning. *See supra* Section II.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.